## GILBERT L. SIMPSON V. THE STATE.

No. 22537. Delivered June 9, 1943.

The opinion states the case.

*James H. Letts,* of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The offense is sodomy; the punishment, ten years in the state penitentiary.

No statement of facts or bills of exception accompany the record. The sole question presented for review is whether or not the verdict of the jury was sufficient to authorize the judgment and the imposition of the punishment assessed.

The indictment charged the commission by appellant of the primary offense of sodomy and a prior conviction for an offense of the same nature.

It is appellant's contention that the indictment is so drawn as to constitute only one count, and that the jury's verdict finding him guilty under the first count of the indictment constituted a finding of guilty of the primary offense and of the prior conviction; that the mandatory provisions of Art. 62, P. C., taken in connection with the maximum punishment for the offense of sodomy, as provided by Art. 524, P. C., required that his punishment be fixed at fifteen years' confinement in the state penitentiary; and that, the jury having assessed a penalty of only ten years in the penitentiary, this constituted such verdict a nullity.

The verdict of the jury is not susceptible of the construction sought to be applied thereto by appellant—that is, that the jury found him guilty of both the primary offense charged and the prior conviction—because, in the court's charge, the jury was authorized to find appellant guilty of the primary offense charged, without reference to the prior conviction; in which event, the trial court gave a form of verdict to be followed. The jury's verdict is in keeping with, and follows, that form, showing that the jury found appellant guilty of the primary offense only, and without reference to the allegation of a prior conviction. The jury having found appellant guilty of the offense of sodomy only, it was within its province to assess the punishment at ten years in the penitentiary.

The verdict authorized the judgment entered, and that judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.